## BINKLEY v. SPIVEY et al.—230 S. W. (2d) 207.

Middle Section.    February 24, 1950.

Petition for Rehearing denied March 31, 1950.

Petition for Certiorari denied by Supreme Court, June 7, 1950.

A. V. McLane and John M. Bates, both of Nashville, for complainant.

Roy A. Miles, James W. Crutcher, and Jack Norman, all of Nashville, for defendants.

HOWELL, J. The bill in this case prayed for a construction of the will of Mrs. S. C. Binkley and alleges that Mrs. Binkley died on August 1, 1940, testate and that her will is recorded in the office of the County Court Clerk of Davidson County, Tennessee. The will further alleged that a certified copy of the will ''is here shown to the court and made a part of this record and will be fined on or before the hearing.'' The bill prays among other things that the will be construed especially with reference to the devise of land to be used for a cemetery. A demurrer to the bill was filed and complainant was permitted to file an amended and supplemental bill and the order granting this permission provides that the demurrer stand and be heard as a demurrer to the original bill as supplemented and amended. This amended and supplemental bill was filed and then another amended and supplemental bill was filed making additional party defendants. Another demurrer was then filed. These demurrers were overruled and leave granted the demurrants to rely upon the defenses contained in them in their answers and at the hearing.

Answers were then filed by the principal defendants denying that a proper construction was placed upon the will by the complainant as to the location of the land set apart by the will for cemetery purposes and neither admitting or denying the contents or interpretations of the will by complainant and demanding strict proof thereof. It is denied that the defendants have refused to comply with a proper construction of the will as to the location of the acreage referred to as being set apart for cemetery purposes.

A stipulation was then entered into agreeing that the cause be tried on oral testimony. The record does not disclose that any oral testimony was heard and no bill of exceptions is filed.

The original bill refers to the will and states that a certified copy will be filed. No certified copy of the will appears to have been filed. A purported copy appears on pages 42 and 44 of the transcript. It is not certified and not identified in any way or marked filed.

The case was heard by the Special Chancellor and a decree entered in the first paragraph of which it is stated the cause came on to be heard "upon the original bill, the demurrer of defendants, the amended and supplemental bill, the answers of all defendants including the answer of defendant Margaret Sue Spivey, a minor by her Guardian ad Litem, James W. Crutcher; also upon statements of counsel, and upon the entire record in the cause."

There is nothing to indicate that the paper in the transcript referred to above is an agreed copy of the will.

The decree then provides:

"Upon full consideration of the foregoing it is ordered, adjudged and decreed that in Item two of said Will it was the intention of the testatrix that her executrix set aside and apart an one-half acre of land as a burial ground or cemetery, this one-half acre tract to adjoin the burial ground previously established as a family burial ground.

"It is further ordered, adjudged and decreed that under Item three of said Will it was the intention of the testatrix that her executrix set aside and apart an additional one-half acre tract which shall adjoin the one-half acre tract mentioned in the second item of the

Will; also it was the intention of the testatrix that the latter one-half acre tract shall be located according to the discretion of the executrix, and according to the best interest of the minor defendant but located in such way that the parties in interest shall have ingress and egress to the cemetery tract from Union Hill Road (referred to in the Will also as Greer Road).

"It is further ordered, adjudged and decreed that the devise to the Central Church of Christ and the Whites Creek Church of Christ, was allowed by them to lapse or expire without building a Church on the one-half acre plot devised to them within the time specified in the Will; therefore, the provisions and conditions relating to the location of said Church are immaterial as to the location of the burial ground or cemetery lot, and it is, therefore, unnecessary that the executrix locate the one-half acre cemetery lot mentioned in Item three of the Will, on the site where the dwelling house is now located, as contended by complainants.

"It is further ordered, adjudged and decreed that the executrix have the entire cemetery lot or burial ground surveyed and described accordingly; whereupon, a report thereof will be filed by her with the Clerk and Master, until which time all other matters are reserved; To which action of the Court complainant excepts."

On Page 47 of the transcript is a drawing showing a survey of a part of decedent's land marked filed by the Clerk & Master. This drawing shows the house involved without the acreage of the land upon which it is located and a lot north of it marked "1.00 $A\bar{c}$- Cemetery Lot" and also a lot east of this lot and the house lot and fronting on the Union Hill road and marked "1.00 $A\bar{c}$-

Cemetery Lot.'' There is nothing on this plat showing the location of the graves of members of the family and no ½ acre tracts are shown.

Another decree appears in which the controversy is disposed of and the survey approved. This decree in part is:

"It appears that defendant Katherine B. Spivey, executrix, has had the cemetery plat, aggregating 2 acres in size, located and surveyed by Lewis D. Justice, surveyor, under date of March 4, 1949, and that a plat of said survey has been filed with the Clerk and Master in this cause. It further appears that the location and survey of this cemetery plot, or family burial ground, is in conformity with the rights and interests of all parties to this cause and that it is also in conformity with the directions of the Will of Miss Georgia Ann Binkley, deceased, the construction of said Will being substantially the subject matter of this cause.

"It is therefore, ordered, adjudged and decreed that the location, survey and description of said cemetery lot or family burial ground is hereby approved and confirmed by the court.''

Then follows a description by metes and bounds of the two one acre tracts shown on the map, and the following:

"It further appears that it was the intention of the testatrix in this cause, Miss Georgia Ann Binkley, that her niece, defendant Margaret Sue Spivey, have the full title and ownership of the 41.5 acre plot of land, known as tract No. 6 as aforesaid, except the cemetery lot or family burial ground aforesaid, and it is accordingly ordered, adjudged and decreed.

\* \* \* \* \*

"It further appears that all of the parties to this cause have a common interest in the cemetery lot or family

burial ground aforesaid, and it is accordingly ordered, adjudged and decreed.

"It further appears that it is unnecessary and improper that the administration of the estate of said Miss Georgia Ann Binkley be removed from the County Court to this court and the removal of said administration to this court is therefore denied.

"It is further ordered, adjudged and decreed that the bill in this cause be and the same is hereby dismissed in all respects, except those particulars heretofore specifically adjudicated."

The complainant then filed a petition to rehear which was denied by the Chancellor.

The complainant appealed from these decrees to this Court and has assigned errors.

The decree denying the petition to rehear is in part as follows: "It further appears to the Court from the wording of the petition to rehear that certain allegations are made with reference to complainants having been deprived of the opportunity to introduce proof regarding the intention of the testatrix, as well as whether or not said tract of land, the subject of this controversy, is suitable for cemetery purposes. The Court expressly holds that ample opportunity was given to all parties to develop any and all proof which they deemed necessary. This property set aside by the testatrix was for a family burial ground, and not for a cemetery. The affidavits filed by the complainant in support of the petition to rehear with reference to the expressed intention of the testatrix were objected to by the defendant as being inadmissible, and said objection is hereby sustained."

Thus it appears that we are called upon to construe a will the terms of which are not properly before this Court.

There being no bill of exceptions, the statements of counsel which were considered by the Court are not before this Court nor are the locations of the family burying ground and the ½ acre tracts referred to in the bill shown by the record before us.

■ It is well settled that exhibits must be identified and filed by the Clerk.

We are therefore constrained to hold that the decree of the Chancellor is presumed to be correct. See Section 10622, Code of Tennessee.

The assignments of error are overruled and the decree of the Chancery Court is affirmed. The appellant will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.

ON PETITION TO REHEAR.

HOWELL, J. ■ In this cause we are presented with a petition to rehear which prays that a purported copy of the will of Georgia Ann Binkley appearing in pages 42 to 44 of the transcript be treated as properly before this Court. It was inadvertently stated on page 2 of our opinion [230 S. W. (2d) 207] at the end of the third paragraph on that page that this paper was not "marked filed." It is marked filed but is not certified or identified as the paper agreed upon as a copy of the will. However, we do not consider this material to the conclusions reached as the items in the will under construction were set out in the pleadings and no question was made by counsel as to their correctness. The certificate of the Clerk & Master on page 64 of the transcript does not amount to a certification of a copy of the will by the proper authorities.

The petition as granted to the extent that the three words "or marked filed" at the end of the third paragraph on page 2 of the opinion [230 S. W. (2d) 207] are stricken and on page 5 of the opinion [230 S. W. (2d) 209] the two-line paragraph beginning "Thus it" and ending "this Court" is also stricken. The first sentence at the top of page 6 of the opinion [230 S. W. (2d) 209] is also stricken.

Considering the will as properly before this Court, there is no bill of exceptions, the statements of counsel which were considered by the Chancellor are not before this Court, and the locations of the family burying ground and the one-half acre tracts referred to in the will are not shown by the record; and our conclusions remain unchanged.

Except as above indicated the petition is denied.

The petitioner will pay the costs of the petition.

Felts and Hickerson, JJ., concur.